1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CU VAN TRUONG,

                              Petitioner,

        v.

CATHERINE SHAFFER,

                              Respondent.

CASE NO. C16-0418-JCC-MAT

REPORT AND RECOMMENDATION

        Petitioner Cu Van Truong, a state prisoner currently incarcerated at the Washington State Penitentiary in Walla Walla, Washington, has filed a *pro se* habeas petition pursuant to 28 U.S.C. § 2254.  (Dkt. 1.)  After screening the petition, the Court found it deficient and granted petitioner leave to file an amended petition by April 27, 2016.  (Dkt. 3.)  The Court cautioned petitioner that failure to timely file an amended petition could result in dismissal of this action.  (*Id.*)  Petitioner has failed to file an amended petition, and therefore, the Court recommends that petitioner's habeas petition and this action be DISMISSED without prejudice for failure to state a claim.

<u>DISCUSSION</u>

        Petitioner brings this habeas action against Catherine Shaffer, a King County Superior

REPORT AND RECOMMENDATION
PAGE - 1

Court judge.  In general, his claims are difficult to follow, incorrect, or irrelevant.  For example, he claims that various provisions of the Constitution are at odds with each other; discusses the "Trading with the Enemy Act of 1917" and "Mixed War"; cites the Federal Rules of Civil Procedure for the proposition that "in order for the State of Washington to be a Plaintiff in a criminal case, there must be a bona fide contract"; and takes issue with the state's use of an information to bring charges against him because he "is not a member of your organization." (*See generally* Dkt. 1.)  Essentially, he claims that the state court lacked jurisdiction to convict him.

Section 2254 allows a federal district court to grant a state prisoner habeas relief upon a showing that "he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  Prior to coming to federal court, the state prisoner must exhaust his available state remedies by presenting his federal constitutional claims to the state's court of appeals and supreme court.  There is a one-year statute of limitations that requires a state prisoner to file his habeas petition within one year after his direct appeal becomes final.  The limitations period is tolled while a properly filed personal restraint petition is pending in the state courts.

Petitioner's habeas petition is deficient because he fails to allege that he is in custody in violation of the United States Constitution or federal law.  His allegations regarding the state court's lack of jurisdiction over him fail.  In addition, petitioner has not alleged sufficient facts for the Court to determine whether he has filed his petition within the limitations period or whether he has exhausted his state remedies.  Finally, Judge Shaffer is an improper respondent in this action.  "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'"  *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242;

REPORT AND RECOMMENDATION
PAGE - 2

1    second alteration in original).

2         Petitioner was notified of these deficiencies and given an opportunity to file an amended

3    petition.  He did not do so.  Accordingly, this action should be dismissed.

4                                        CONCLUSION

5         For the foregoing reasons, the Court recommends that petitioner's habeas petition and

6    this action be DISMISSED without prejudice.  A proposed order accompanies this Report and

7    Recommendation.

8                              DEADLINE FOR OBJECTIONS

9         Objections to this Report and Recommendation, if any, should be filed with the Clerk and

10   served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report

11   and Recommendation is signed.  Failure to file objections within the specified time may affect

12   your right to appeal.  Objections should be noted for consideration on the District Judge's

13   motions calendar for the third Friday after they are filed.  Responses to objections may be filed

14   within **fourteen (14) days** after service of objections.  If no timely objections are filed, the

15   matter will be ready for consideration by the District Judge on **June 3, 2016**.

16        DATED this 10th day of May, 2016.

17

18
                                        _____
19                                      Mary Alice Theiler
                                        United States Magistrate Judge
20

21

22

23

REPORT AND RECOMMENDATION
PAGE - 3